UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATE WALKER (#433462)

VERSUS                                         CIVIL ACTION

BURL CAIN, ET AL                               NUMBER 14-160-JWD-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 3, 2014.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATE WALKER (#433462)

VERSUS                                                     CIVIL ACTION

BURL CAIN, ET AL                                           NUMBER 14-160-JWD-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the Motion to Dismiss filed by defendant Warden Burl Cain. Record document number 8. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, an unidentified medical services warden, the prison's R.E. Barrow Treatment Center and the E.M.T. unit.[1] Plaintiff alleged that he was denied medical treatment in violation of his constitutional rights.

**I. Factual Allegations**

Plaintiff alleged that beginning in late September 2013 he sought medical treatment for complaints of eye irritation and diminished eye sight. Plaintiff alleged that he was examined by

---

[1] Only Warden Cain was served with the summons and complaint. According to the Process Receipt and Return, Form USM-285, service was not accepted on behalf of Medical Services Warden, R.E. Barrow Treatment Center and EMT Unit. Record document number 6.

emergency medical personnel, was prescribed medication and was examined by an eye doctor at least twice in October 2013.[2] Plaintiff complained that the eye solution and medication was not effective in treating his condition.

## II. Applicable Law and Analysis

### A. Motion to Dismiss Standard

Warden Cain moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[2] Record document number 1-2, pp. 9-15, copies of the results of the Administrative Remedy Procedure and medical records, all attached as exhibits to the plaintiff's complaint.

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. Deliberate Indifference**

Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs, not because he was not provided medical treatment, but because his medical complaints were not resolved to the plaintiff's satisfaction.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and

that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, *supra; Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff's dissatisfaction with what he believes is unsuccessful medical treatment does not rise to the level of a constitutional violation.

**C. Eleventh Amendment Immunity**

Plaintiff named the R.E. Barrow Treatment Center and the E.M.T. Unit at the prison as defendants.

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of

4

state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**D. Respondeat Superior**

Plaintiff named Warden Cain and the Unidentified Medical Services Warden as defendants but failed to allege any facts against either of them.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegations that Warden Cain or the unidentified Medical Services warden are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be granted. It is further recommended that the plaintiff's claims against the unidentified Medical Services Warden, R.E. Barrow Treatment Center and E.M.T. Unit be dismissed for failure to state a claim upon which relief can be granted and this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendants consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, December 3, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE